IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRIS J. JACOBS,

        Plaintiff,

v.

WISCONSIN JUDICIAL COMMISSION,
SUSAN RAIMER and DIANA FREMGEN,

        Defendants.

OPINION AND ORDER

17-cv-98-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Chris Jacobs, who is incarcerated at the Columbia County Correctional Institution, has filed a petition for a writ of mandamus in which he requests that this court order defendants Wisconsin Judicial Commission, Columbia County Clerk of Court Susan Raimer and Appeals and Supreme Court Clerk Diana Fremgen to "move forward" his state court case relating to various conditions of his confinement. In addition, plaintiff has filed two separate motions to add other state court officials and employees and prison staff as defendants. Dkt. ##2 and 5. In these motions, plaintiff lists a number of issues related to his underlying conviction and mentions various problems he has experienced in prison, but he has not raised any claims and does not seek relief apart from the request for a writ of mandamus.

A threshold problem is that generally a plaintiff cannot proceed with multiple

complaints; rather, the rule is that an amended complaint replaces any complaint that was filed earlier. Flannery v. Recording Industry Association of America, 354 F.3d 632, 638 (7th Cir. 2004) (amended complaint "renders the original complaint void"). However, I need not ask plaintiff to refile his complaint as one document because none of the documents include allegations that state a claim upon which relief may be granted.

The All Writs Act authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). However, the act does not increase the scope of federal jurisdiction, which is lacking in this case. In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001); Davis v. Spoden, 2009 WL 483180, at *1 (W.D. Wis. Feb. 25, 2009). Federal district courts lack jurisdiction to issue a writ of mandamus to direct state courts in the performance of their duties. Id.; Hill v. Baxter Healthcare Corporation, 405 F.3d 572, 577 (7th Cir. 2005). Because this court does not have the authority to grant plaintiff's requested relief, I am dismissing his petition and denying the motions to add defendants.

ORDER

IT IS ORDERED that plaintiff Chris Jacobs's petition for a writ of mandamus, dkt. #1, is DISMISSED and his motions to add defendants, dkt. ##2 and 5, are DENIED.

Entered this 22d day of May, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge